STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MI KYUNG DOBBS, Defendant-Appellant
No. 28144
Intermediate Court of Appeals of Hawaii.
July 30, 2008.
On the briefs: Scott T. Strack, for defendant-appellant.
Anne K. Clarkin, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FOLEY, and NAKAMURA, JJ.
Defendant-Appellant Mi Kyong Dobbs (Dobbs) appeals from the judgment entered by the District Court of the First Circuit (district court)[1] on August 11, 2006, following a bench trial, convicting and sentencing her for prostitution, in violation of Hawaii Revised Statutes (HRS) § 712-1200 (1) (1993).
On appeal, Dobbs raises three points of error:
(1) The district court erred in finding that the presence of an unopened condom and a container of KY personal lubricant was one indication that Dobbs offered to engage in sexual activity for a fee since Dobbs never touched the items;
(2) The district court erred in finding that when Dobbs asked an undercover police officer if he wanted "everything," the word "everything" meant that Dobbs was willing to engage in sexual activity for a fee; and
(3) The district court erred in interpreting HRS § 712-1200(5) (1993) as a defense rather than as an element of the offense of prostitution under HRS § 712-1200(1).
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as the statutory and case law relevant thereto, we conclude that Dobbs's arguments are without merit and resolve each point of error as follows:
(1) The proceeding below was a bench trial. As such, the district court assumed the role of trier of fact, which gave the court the authority to determine the credibility and weight of the evidence presented, and to make all reasonable and rational inferences therefrom. State v. Pegouskie, 107 Hawai`i 360, 365, 113 P.3d 811, 816 (App. 2005). The district court found the evidence of the unopened condom and KY lubricant to be credible and inferred that their presence was one indication that Dobbs had made an offer to engage in sexual conduct for a fee, in violation of HRS § 712-1200(1). This finding of fact is not clearly erroneous.
(2) The district court found that Dobbs's use of the word "everything" was a reference to sex. Given the sexually suggestive context in which Dobbs used the word "everything," which included Dobbs grabbing the undercover police officer's hand and placing it on her bare breast, the district court's finding of fact is not clearly erroneous. See State v. Richie, 88 Hawai`i 19, 31-32, 960 P.2d 1227, 1239-40 (1998); State v. Lunceford, 66 Haw. 493, 494-95, 666 P.2d 588, 589-90 (1983).
(3) The district court correctly interpreted HRS § 712-1200(5) as a defense to, and not an element of, the charge of prostitution under HRS § 712-1200(1). See State v. Romano, 114 Hawai`i 1, 6, 155 P.3d 1102, 1107 (2007). Since Dobbs failed to adduce any evidence that she fell within the exception to the prostitution offense set forth in HRS § 712-1200(5), Plaintiff-Appellee State of Hawai`i was not required to disprove this defense. Id.
Accordingly, the judgment entered by the District Court of the First Circuit on August 11, 2006 is hereby affirmed.
NOTES
[1] The Honorable Judge Lono J. Lee presided.